Lieghley, J.
The parties stood in reverse order in the court below and for convenience will be mentioned herein as their relation there was.
*496 The defendant, Dr. H. H. Noble, was arrested upon an affidavit, which reads in part as follows: “That on or about the 19th day of April, A. D. 1917, at the said City and County, one Dr. H. H. Noble then and there being a physician in attendance upon one Mabel Robertson in a case of childbirth in the home of said Mabel Robertson, did unlawfully fail to use some prophylactic against inflammation of the eye on one ‘Baby’ Robertson, then and there being a new-born child, and did fail to make a record of the use of any such prophylactic.”
Trial was had in the court below, which resulted in a conviction and sentence, from which judgment error is prosecuted to this court to reverse the same.
Said affidavit is predicated upon Section 1248-5, General Code (106 O. L., 322), which, so far as pertinent here, reads as follows:
“It shall be the duty of the physicians, midwives, or other persons in attendance upon a case of childbirth in a maternity home, hospital, public or charitable institution, in every infant immediately after birth, to use some prophylactic against inflammation of the eyes of the new-born and to make record of the prophylactic used.”
• An examination of the statute discloses that the crime consists in a failure to use some prophylactic against inflammation of the eyes in the event of a childbirth in a “maternity home, hospital, public or charitable institution.” The affidavit charges a failure in such use in the case of childbirth in the home of Mabel Robertson, and is wholly silent as to whether or not this home was a maternity home, or what it was. The statute does not make a fail *497 ure to use such prophylactic in any other place than those designated in the statute a crime. To suf-. ficiently charge a crime it is absolutely essential that the affidavit in form contains allegations of sufficient facts to bring the charge clearly within the language of the statute.
We are of the opinion that the affidavit falls far short of containing the necessary requirements to charge a crime under this statute, and for insufficiency of the affidavit the judgment of conviction below is contrary to law.
Wherefore the judgment of conviction is re-, versed and the plaintiff in error discharged.

Judgment reversed, and plaintiff in error discharged.

Grant and Dunlap, JJ., concur.